# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 13, 2025

Lyle W. Cayce
Clerk

No. 24-20252
Summary Calendar

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Jesus Guerrero-Ortiz,

*Defendant—Appellant*.

———————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CR-573-1

———————

Before Davis, Smith, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Jesus Guerrero-Ortiz, federal prisoner # 15190-509, appeals the district court's denial of his motion for appointment of counsel to represent him on his 18 U.S.C. § 3582(c)(2) motion for a reduction of his sentence based on Amendment 821 to the United States Sentencing Guidelines. The district court denied relief on the § 3582(c)(2) motion, concluding that

———————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-20252

Guerrero-Ortiz was not eligible under Part A of Amendment 821 because he did not receive criminal history "status" points. Guerrero-Ortiz contends that the district court's failure to appoint him an attorney to review his eligibility for a sentence reduction before denying him relief constitutes a denial of due process and warrants relief. Although Guerrero-Ortiz states that he is also appealing the denial of § 3582(c)(2) relief, he briefs no challenge to the basis for the district court's denial of relief, and any such issue is abandoned. *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010).

A defendant is not entitled to appointed counsel in a § 3582(c)(2) proceeding, although counsel may be appointed if the interests of justice require it. *See United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008). Guerrero-Ortiz has not shown that the interests of justice required the appointment of counsel for his § 3582(c)(2) motion. The district court thus did not abuse its discretion in failing to appoint counsel. *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007).

AFFIRMED.

2